IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARLTON LAMONT CHANEY,

Petitioner,

vs.                                                    Case No. 3:15-cv-00211-DRH

JAMES N. CROSS,

Respondent.

MEMORANDUM AND ORDER

HERNDON, District Judge:

Petitioner Carlton Chaney is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Chaney has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 1997 conviction in the Southern District of Indiana for using or carrying a firearm during the commission of a crime of violence. *See United States v. Chaney*, 165 F.3d 33 (7th Cir. 1998). Chaney contends that his conviction should be set aside in light of the Supreme Court's recent decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014), as his conviction was based on aiding and abetting liability and the jury instructions allowed the jury to convict Chaney without finding that he had advance knowledge that a co-conspirator would use or carry a gun during a crime of violence. (Doc. 1 at 7.)

This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review by the district judge, "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action.

### Procedural History

On April 18, 1997, at approximately 9:20 A.M., three masked African-American males robbed the NBD Bank in Indianapolis, Indiana. *Chaney*, 165 F.3d at *1. One robber stood in the lobby area, waived a gun, and told everyone in the bank to keep their hands up. *Id.* The other two robbers rushed behind the teller area, and one of those two pointed a gun at a teller and dumped cash from the drawers into a pillowcase. *Id.* The robbers then ran out of the bank, jumped into a dark blue Cadillac that had been stolen earlier that day, and sped away. *Id.*

Two civilians witnessed the bank robbery and earnestly gave chase. The first, James Nulf, was the husband of one of the bank employees. *Id.* He followed the robbers until they stopped on Inland Drive and watched as the robbers stood outside the Cadillac and talked to each other. Nulf then saw one of the robbers walk east on Inland Drive, while the other two drove away in the Cadillac. *Id.* The second witness, Donna Dauby, was driving by the bank when she saw the robbers leave the bank and speed off. *Id.* Like Nulf, she also followed the robbers to Inland Drive. *Id.* As she drove towards the Cadillac, a Chevrolet Suburban drove toward her, veered around the Cadillac, and sideswiped the

driver's side of Dauby's vehicle.  *Id.*  The Suburban then careened off of Dauby's vehicle and crashed into a nearby house.  *Id.*

By the time police arrived at the scene, the Suburban was abandoned, but police did find a black mask in the vehicle, along with $16,890 stuffed in a pink and white pillowcase, an Indiana identification card for "Jesse James" with Carlton Chaney's picture, and various car repair documents (some bearing the name "Troy Smith").  *Id.*  Six fingerprints, later identified as Chaney's, were on the inside of the Suburban.  *Id.*  As for the stolen Cadillac, it was recovered in a nearby apartment complex: its rear window was broken and covered with duct tape, and the ends of the duct tape matched the end of a roll found in the Suburban. *Id.*

At 9:30 A.M. on the same day, an unmasked African-American male entered the home of Mary and William Howe, threatened them with a gun, and demanded the keys to their car.  *Id.*  The Howe's residence was located one street away from the abandoned Suburban.  *Id.*  The robber took the Howe's car and drove off.  *Id.*  While Mr. Howe could not identify the assailant, Mrs. Howe ultimately identified Chaney as the man who entered the Howes' home.  *Id.*

Police arrested Chaney on May 2, 1997, as he left an apartment that he had leased in the name of Michael Troy Smith.  *Id.* at *2.  During the arrest, Chaney fled from the police in his car, pointed his gun at officers when he was stopped, and then fled again.  *Id.*  He was ultimately captured when he lost control of his vehicle.  *Id.*  When arrested, Chaney was carrying an Indiana driver's license in

the name of Troy Smith (with his picture on it), and police found a handgun on the floor of his vehicle. *Id.* Chaney was charged with bank robbery, carjacking, using and carrying a firearm in relation to a bank robbery, using and carrying a firearm in relation to carjacking, and two counts of unlawful possession of a firearm by a felon. *Id.* The Government ultimately withdraw one of the unlawful possession counts, and Chaney was found guilty of the remaining counts. *Id.* He was sentenced to a total of 430 months in prison. *Id.* at *3.

Chaney appealed his conviction on the grounds that a witness's reference to his previous incarceration during trial constituted reversible error. The Seventh Circuit rejected that challenge and affirmed his conviction, citing the "overwhelming" evidence of Chaney's guilt. *Chaney*, 165 F.3d at *4. Chaney then sought relief pursuant to 28 U.S.C. § 2255 on two occasions: first in approximately 2002 on ineffective assistance grounds, and second in 2005 on multiple grounds. (Doc. 1 at 13.) Neither petition afforded him relief. Chaney has also filed several 28 U.S.C. § 2241 petitions with this Court and others; those, too, have been unfruitful. *See, e.g.*, *Chaney v. Cross*, No. 13-cv-223, 2014 WL 1041036, at *1 (S.D. Ill. Mar. 18, 2014); *Chaney v. United States*, No. 07-cv-575, 2008 WL 818565, at *1 (S.D. Ill. Mar. 21, 2008); *Chaney v. O'Brien*, No. 7:07-cv-00121, 2007 WL 1189641, at *1 (W.D. Va. Apr. 23, 2007); *Chaney v. O'Brien*, No. 7:06-cv-00120, 2006 WL 4595798, at *1 (W.D. Va. Mar. 7, 2006).

On February 27, 2015, Chaney filed a § 2241 petition in this Court. (Doc. 1 at 1.)

**Discussion**

Chaney's instant § 2241 petition claims that the testimony presented at his 1997 trial only "established that two out of [the] three robbers were armed during the bank robbery," and that no one "identified [Chaney] as being one of the robbers" that was armed. (Doc. 1-1 at 9.) Given this testimony, Chaney claims that his conviction for aiding and abetting the use of a firearm during the 1997 robbery should be vacated in light of *Rosemond v. United States*, as the instructions given to the jury on aiding and abetting the armed robbery did not require the jury to find that Chaney "actively participated in the bank robbery with 'advanced knowledge' that his alleged cohorts would carry guns during the course of the offense." (*Id.*)

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *see also Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001) ("In general, federal prisoners who wish to attack the validity of their convictions or sentences are required to proceed under § 2255."). Here, Chaney is attacking his conviction, and thus a § 2255 motion is typically the proper avenue of relief.

However, under limited circumstances, a prisoner may use § 2241 to challenge his conviction. Section 2255 contains a "savings clause" which allows a

prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The mere fact that a petitioner may be barred from bringing a second § 2255 petition is not, in and of itself, sufficient to render § 2255 inadequate.  *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).  Instead, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.  *Id.* at 611.  In the end, a petitioner must establish three points to come within the savings clause:  first, he must rely on a statutory interpretation case rather than a constitutional case; second, he must rely on a retroactive decision that he could not have invoked in his first § 2255 motion because the position was "foreclosed by binding precedent" at the time; and third, he must show that there has been a "fundamental defect" in his conviction that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586-87 (7th Cir. 2012).

For these points, Chaney relies on the Supreme Court's decision in *Rosemond v. United States*.  *Rosemond* dealt with a "drug deal gone bad" – three individuals, Rosemond among them, drove to a park to sell marijuana, but when the would-be purchaser punched one of the individuals and took off with the marijuana without paying his due, one of the sellers exited the vehicle and fired shots at the thief.  134 S. Ct. at 1243.  The shooter reentered the vehicle, and all three sellers gave chase after the thief, but were apprehended by police before they could catch him.  *Id.*  For his part, Rosemond was charged with violating 18 U.S.C. § 924(c) by using a gun in connection with a drug trafficking crime, or

aiding and abetting that offense under 18 U.S.C. § 2. *Id.* The Government prosecuted Rosemond under two theories: either Rosemond was the shooter, or he aided the shooter in connection with the drug trafficking crime. *Id.* at 1243-44. The jury was instructed that it could convict Rosemond if the "defendant knew his cohort used a firearm in the drug trafficking crime," and the "defendant knowingly and actively participated in the drug trafficking crime." *Id.* at 1244. The jury convicted Rosemond of violating § 924(c) via a general verdict, and the Tenth Circuit affirmed. *Id.* at 1244-45. The Supreme Court, however, vacated the Tenth Circuit's judgment, holding that an unarmed defendant must have advance knowledge that his confederate would carry a gun to impose liability. *Id.* at 1245, 1249-50.

To be sure, *Rosemond* satisfies at least one of the savings clause requirements – it was a statutory interpretation case. However, Chaney's petition runs into trouble on other points, including the issue of retroactivity. This Court, in *Montana v. Cross*, No. 14-cv-1019, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014), held that *Rosemond* was not retroactive, and almost every other court to address the point agrees.[1] If nothing had changed since *Montana*, dismissal of Chaney's petition at screening would be proper. However, since *Montana*, one

---

[1] *E.g.*, *Bey v. Hollenback*, No. 5:14-HC-2016, 2015 WL 859575, at *3 (E.D.N.C. Feb. 27, 2015); *Metz v. United States*, No. 14-cv-3081, 2015 WL 566766, at *3 (W.D. La. Feb. 9, 2015); *Elwood v. United States*, No. 14-cv-3097, 2015 WL 566773, at *3 (W.D. La. Feb. 9, 2015); *Rodriguez v. Thomas*, No. 1:14-cv-1121, 2015 WL 179057, at *5 (M.D. Pa. Jan. 14, 2015); *Moreno v. Snyder-Morse*, No. 14-cv-106, 2015 WL 82418, at *4 (E.D. Ky. Jan. 6, 2015); *Guardado-Mezen v. Copenhaver*, No. 1:14-cv-01806, 2014 WL 6885999, at *4 (E.D. Cal. Dec. 4, 2014); *Taylor v. Sepanek*, No. 14-cv-160, 2014 WL 6705408, at *4 (E.D. Ky. Nov. 26, 2014); *Douglas v. Butler*, No. 14-cv-177, 2014 WL 6633230, at *6 (E.D. Ky. Nov. 21, 2014); *Taniguchi v. Butler*, No. 14-cv-120, 2014 WL 5063748, at *5 (E.D. Ky. Oct. 8, 2014).

district court in the Seventh Circuit has ruled that "*Rosemond* should apply retroactively," at least for a § 2255 petition.  *United States v. Greene*, No. 14-C-431, 2015 WL 347833, at *1 (E.D. Wis. Jan. 23, 2015).  More importantly, the Government has conceded retroactivity before the district court in *Greene* and the Seventh Circuit in the *Montana* briefing on appeal, and the matter is now before the Seventh Circuit for consideration.  Given the current landscape of the law and the fact that this case is at the preliminary stage of review, the retroactivity point will be deferred.

To employ § 2241, Chaney has another hurdle to surmount:  he must show that there is a defect in his conviction so significant as to qualify as a miscarriage of justice, as would be the case if he was "imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d at 611.  After *Rosemond*, a defendant can be convicted of aiding and abetting a person who uses or carries a firearm in relation to a crime of violence if the defendant has knowledge that a cohort will use a gun "at a time the accomplice can do something" with that knowledge – "most notably, opt to walk away."  134 S. Ct. at 1249-50.  If the jury instructions or the record permitted a conviction in a manner keeping with *Rosemond*, Chaney will have difficulty establishing that he was convicted of a nonexistent offense.  However, all of the jury instructions and the record are not yet before the Court, and thus Chaney's petition passes preliminary screening.

## Disposition

**IT IS HEREBY ORDERED** that respondent shall, within thirty (30) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.   Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  March 13, 2015**

Digitally signed by David R. Herndon
Date: 2015.03.13 15:43:13 -05'00'

**United States District Judge**